**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SAMIRA PATROS,**

**Plaintiff,**

**vs.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY and AMERICAN HOME MORTGAGE SERVICING, INC.,**

**Defendants.**
**_________________________/**

**CIVIL ACTION NO. 09-CV-13237**

**DISTRICT JUDGE MARK A. GOLDSMITH**

**MAGISTRATE JUDGE MONA K. MAJZOUB**

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION:** This Court recommends that the Defendants' Motion for Judgment on the Pleadings and Alternatively for Summary Judgment (docket no. 8) be **GRANTED** and Plaintiff's Complaint be dismissed.

**II. REPORT**:

Plaintiff Samira Patros brought this action in Oakland County Circuit Court on July 17, 2009 against Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and American Home Mortgage Servicing, Inc. ("AHMS") challenging foreclosure and eviction proceedings related to real property located at 7401 Birchwood Trail in West Bloomfield, Michigan ("Property"). (Docket no. 1). Defendants removed the Complaint to this Court on August 17, 2009. The Complaint alleges that the Defendants fraudulently represented that the Property had a market value in excess of $300,000 in order to induce the Plaintiff to enter into mortgage loans, then when Plaintiff defaulted on the loans instituted foreclosure proceedings and purchased the Property in a

foreclosure sale for $223,558.13. (Docket no. 1, Complaint at 2-5). Plaintiff asserts violations of the Michigan Consumer Mortgage Protection Act (Count I), Fraudulent Misrepresentation (Count II), Breach of Contract (Count III), and Quiet Title (Count IV). She seeks monetary damages, and asks the Court to quiet title to the property and enjoin the Defendants from taking any action to interfere with Plaintiff's possession and enjoyment of the property. (Docket no. 1, Complaint at 5).

Presently before the Court is the Defendants' Motion for Judgment on the Pleadings and Alternatively for Summary Judgment. (Docket no. 8). Plaintiff has not filed a response to the motion and the time for responding has expired. The docket reflects that Plaintiff has not been in contact with the Court or participated in the prosecution of this case since September 15, 2009. Plaintiff has also failed to meet the March 1, 2010 deadline for filing her witness list. All pretrial matters in this case have been referred to the undersigned for action. (Docket no. 2). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A. Factual Background**

Documents submitted by the Defendants in support of their motion reveal that Plaintiff entered into a Purchase Agreement on December 11, 2006 whereby she agreed to purchase the subject Property for $297,900. (Docket no. 8, Ex. E at 1). The closing was scheduled for December 29, 2006. (Docket no. 8, Ex. E at 2). The Purchase Agreement contains a mortgage contingency clause which allowed the Plaintiff to cancel her purchase of the Property if she could not secure a commitment for a thirty-year conventional mortgage for 100% of the purchase price. (Docket no. 8, Ex. E at 1). Plaintiff contacted American Home Mortgage for a loan. On December 16, 2006 a licensed appraiser estimated the market value of the Property at $315,000. (Docket no. 8, Ex. F).

American Home Mortgage issued two loans to the Plaintiff secured by mortgages on the Property on December 29, 2006. (Docket no. 8, Exs. A, B at 26). The loans were in the amount of $208,530 and $89,370. American Home Mortgage subsequently transferred the loans to Defendant Deutsche Bank as trustee and transferred servicing rights for the loans to Defendant AHMS. (Docket no. 8, brief at 1 n.1). In September 2008 Plaintiff entered into a Forbearance Agreement with Defendant AHMS after she defaulted on the $208,530 loan. (Docket no. 8, Ex. C). Under the Forbearance Agreement Plaintiff agreed that she was in default on the loan, acknowledged that she had no defense or counterclaim related to the loan or to the Property, and waived her right to sue Defendant AHMS for any claims or damages relating to the loan, origination of the loan, or servicing of the loan. (Docket no. 8, Ex. C). Defendants assert that Plaintiff subsequently defaulted under the terms of the Forbearance Agreement, and Plaintiff does not show otherwise.

Defendants published notice of the Property's foreclosure for four consecutive weeks, beginning on November 14, 2008. (Docket no. 8, Ex. D). On November 15, 2008 Defendants posted notice of the Property's foreclosure on the Property itself. (Docket no. 8, Ex. D). The notice stated that a foreclosure sale would be held on December 16, 2008 on a $219,038.47 mortgage default. (Docket no. 8, ex. D). A sheriff's sale eventually took place on December 23, 2008, at which Defendant Deutsche Bank was the highest bidder with a bid of $223,558.13. (Docket no. 8, Ex. D). On the same date, a sheriff's deed was executed in favor of Defendant Deutsche Bank. (Docket no 8, Ex. D). The statutory period of redemption expired on June 23, 2009 without Plaintiff redeeming the Property. (Docket no. 8, Ex. D). Thereafter, Defendant Deutsche Bank instituted eviction proceedings in state court. (Docket no. 1, Ex. A Levant & Levant, PLLC facsimile). On July 17, 2009, after the redemption period had expired and eviction proceedings had begun, Plaintiff

filed the instant Complaint.

**B. Governing Law**

Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(c) and 56. Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Failure to state a claim upon which relief can be granted may be raised in a motion brought under Rule 12(c). Fed.R.Civ.P. 12(h)(2)(B). In deciding a Rule 12(c) motion, the court uses the same standard of review as for those brought pursuant to Rule 12(b)(6). *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir.2007). When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there are issues of fact for trial, the inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**B. Analysis**

Defendants seek dismissal of Plaintiff's Complaint arguing, inter alia, that Plaintiff's claims

are untimely because Plaintiff did not file her Complaint until after the statutory period of redemption expired. Mich. Comp. Laws § 600.3236 provides that upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" of the mortgagor in the property. Thus Plaintiff lost all legal title and interest to the Property when the redemption period expired. However, equitable relief from the strict provisions of the redemption statute may be available in cases where there is clear evidence of fraud, accident, or mistake. *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 643 (Mich.1993); *Angeleri v. B & P Group, Inc.*, No. 260134, 2006 WL 2422582 (Mich.Ct.App. Aug. 22, 2006). "[T]he type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself." *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich.Ct.App. Dec. 28, 2001). *See also Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-cv-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010).

Documents attached to Plaintiff's Complaint can be read to suggest that the foreclosure was mistakenly or accidentally instituted by advertisement rather than by judicial foreclosure. Specifically, in documents attached to the Complaint Plaintiff argues that the Court was required to enjoin foreclosure of the mortgage by advertisement because the Plaintiff and Defendants were engaged in negotiations to modify her loan. (Docket no. 1, Ex. A Levant & Levant, PLLC facsimile). Mich. Comp. Laws § 600.3205c(8) provides:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action . . . to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification . . . the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Despite Plaintiff's suggestion of mistake or accident, she has not shown that she filed an

action to convert the foreclosure proceeding to a judicial foreclosure as required under Mich. Comp. Laws § 600.3205c(8). Furthermore, the only evidence offered to show that Plaintiff participated in a loan modification agreement is an unsigned, undated letter attached to Plaintiff's Complaint presumably sent by Plaintiff to Defendant AHMS which discusses Plaintiff's financial difficulties and asks for assistance in obtaining a lower interest rate and mortgage payment. (Docket no. 1, Ex. A "1"). There is no evidence to show that Plaintiff qualified for a loan modification or that the parties engaged in loan modification proceedings under Mich. Comp. Laws § 600.3205b. Therefore, Plaintiff has failed to show by her suggestion that the foreclosure sale was accidentally or mistakenly permitted to proceed by advertisement that she is entitled to relief from the provisions of the redemption statute.

Next, Plaintiff's Complaint asserts various allegations of fraud and misrepresentation. Tellingly, none of Plaintiff's claims allege that there was fraud in the foreclosure proceeding itself. However, even if Plaintiff's claims involved the type of fraud that could warrant some equitable relief from the redemption statute, Plaintiff's assertions of fraud lack merit.

In Count I of her Complaint Plaintiff alleges that Defendants violated the Michigan Consumer Mortgage Protection Act, Mich. Comp. Laws § 445.1631 *et seq.*, by engaging in an unethical agreement with the appraiser to deceptively inflate the value of the Property. The Michigan Consumer Mortgage Protection Act does not provide for a private cause of action. *Greene v. Benefit Mortg. Corp.*, No. 08-12968, 2009 WL 56056, at *4 (E.D. Mich. Jan. 8, 2009) (citing *Strickfaden v. Park Place Mortg. Corp.*, No. 07-15347, 2008 WL 3540079 (E.D. Mich. Aug. 12, 2008)). Therefore, Plaintiff's claim fails.

In Count III of her Complaint Plaintiff alleges that Defendants breached the mortgage

agreement by failing to disclose material facts, by making false and misleading statements, and by having Plaintiff rely on a grossly inflated appraisal. Despite her allegations, Plaintiff has not pointed to any provision in the mortgage agreement that supports her breach of contract claim.

Finally, with respect to her other claims that the Defendants inflated the appraisal value of the Property and fraudulently represented that the Property had a higher market value than it actually did in order to induce the Plaintiff to secure mortgage loans, Plaintiff has provided no evidence to substantiate her claims. The evidence shows that Plaintiff offered to purchase the Property for $297,900 before the Property was appraised at $315,000. There is no evidence to show that the Defendants inflated the appraisal value, misrepresented the value of the Property, mislead the Plaintiff in any way, or fraudulently misrepresented the amount Plaintiff owes on the loans and the interest rate charged.

Plaintiff asks the Court to enjoin Defendants from taking any act to interfere with Plaintiff's possession and enjoyment of the Property, quiet title in the Property in favor of Plaintiff, and award her damages caused by Defendants' conduct. Plaintiff has not succeeded in proving that the foreclosure sale was tainted by fraud, accident, or mistake. Therefore, once the redemption period expired in June 2009 without her redeeming the property, Plaintiff lost standing to challenge the foreclosure proceedings and sheriff's sale. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 31, 2011

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Samira Patros and Counsel of Record on this date.

Dated: January 31, 2011

s/ Lisa C. Bartlett
Case Manager